# EXHIBIT A

FILED
2019 AUG 27 02:50 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-19730-7 KNT

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| MATTHEW ASPIN, Plaintiff, vs. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurance company; and MATT WEIS, Defendants. | NO. 19-2-19730-7 KNT<br><br>**AMENDED** COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30) |
|---|---|

The Plaintiff, Matthew Aspin, by and through his attorney, Brian P. Russell, based upon information and belief, amends his complaint as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.1. Defendant, Allstate Property and Casualty Insurance Company, (hereinafter "Defendant Allstate") is a foreign corporation, doing business in Washington, whose primary place of business is located in the State of Illinois. Defendant Allstate is authorized by the Washington State Insurance Commissioner to do business in the State of Washington.

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 1

BRIAN P. RUSSELL
Attorney at Law
17820 1st Ave So. Ste. 102
Normandy Park, WA 98148
PHONE (206) 244-3200

1.2. Defendant, Matt Weis has, at all times hereto, been a resident of King County, Washington. At all times material hereto, Defendant, Matt Weis, was employed by Defendant Allstate and worked as an insurance claims representative on Plaintiff Aspin's insurance claim. All acts alleged of Defendant, Matt Weis, were done on his own behalf.

1.4 At all times material hereto, Defendant Allstate was doing business in King County, Washington by soliciting insurance, transacting insurance business and having an office for insurance business in King County, Washington.

1.5 All acts and omissions alleged herein occurred in King County, Washington.

1.6 This Court has jurisdiction over this cause of action, and the venue for this action is in King County, Washington.

## II. CLAIMS – FACTUAL ALLEGATIONS

2.1 Defendant Allstate issued to Matthew Aspin on June 24, 2017, under Policy No. 917 184 058 a personal automobile insurance policy which included automobile coverage for general liability, PIP, underinsured (UIM) and other coverage for the policy period from June 24, 2017 through December 24, 2017.

2.2. Plaintiff paid the premium due to Defendant Allstate for coverage on the above-referenced automobile policy issued by Defendant.

2.3 On October 21, 2017, Plaintiff, Matthew Aspin, was operating his 2011 Subaru Hatchback Outback southbound on Ambaum Boulevard S.W. at the intersection of S.W. 146th Street, in Burien, Washington, when Cindy L. Phillips ran a red light and violently struck plaintiff's vehicle broadside on the driver's side. The force of the collision

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 2

BRIAN P. RUSSELL
Attorney at Law
17820 1st Ave So. Ste. 102
Normandy Park, WA 98148
PHONE (206) 244-3200

caused Matthew Aspin's vehicle to strike three parked vehicles. Cindy L. Phillips owed a duty of care to everyone on the roadway, including Plaintiff Aspin, to operate her motor vehicle with due care and attention in accordance with the rules of the road. As a direct and proximate result of the negligence of Cindy L. Phillips in failing to exercise due care and operating her motor vehicle in a reckless, negligent and dangerous manner, Plaintiff, Matthew Aspin, sustained significant injuries and damages. Plaintiff Aspin subsequently settled his third party claim against Ms. Phillips in exchange for payment of her full automobile liability insurance policy limits from American Family of $100,000.

2.4 Plaintiff Aspin received Personal Injury Protection benefits from Defendant Allstate.

2.5 Prior to payment by American Family of the liability policy limits, Plaintiff, pursuant to RCW 48.22.040, offered to Defendant Allstate the opportunity to purchase the third party tort claim against Ms. Phillips. Defendant Allstate declined, in writing, the offer by Plaintiff to purchase said third party tort claim, and Plaintiff then accepted payment of the policy liability limits and released Ms. Phillips from any further liability for said claim.

2.6 Plaintiff Aspin hired attorney, Brian P. Russell, to assist him in securing full and prompt payment of his UIM claim from Defendant Allstate. Plaintiff Aspin submitted a settlement demand letter to Defendant Allstate on March 14, 2019, demanding that Defendant Allstate pay to him its full UIM policy limits of $100,000. Subsequently, it was discovered that Defendant Allstate's updated policy limits were in the amount of $250,000 and requested Defendant Weis to confirm the UIM coverage in the amount of $250,000 which he did. Plaintiff Aspin's settlement demand was amended to $250,000.

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 3

BRIAN P. RUSSELL
Attorney at Law
17820 1st Ave So. Ste. 102
Normandy Park, WA 98148
PHONE (206) 244-3200

The claim was denied by Defendant Allstate's Claims Representative, Defendant Matt Weis.

2.7 On May 23, 2019, Plaintiff, through his counsel, Brian P. Russell, served a 20-day Notice of Intent to the Washington State Insurance Commissioner to pursue Plaintiff Aspin's claim under the Insurance Fair Conduct Act. A courtesy copy was also sent to Defendant Allstate's Claims Representative, Defendant Matt Weis and to the corporate headquarters of Allstate Insurance.

2.8. Plaintiff's Notice of Intent alleged causes of action against Defendant Allstate for unreasonable denial and delay of his claim for payment of benefits, as well as specific violations of WAC 284-30-330, "Specific Unfair Claims Settlement Practices Defined".

2.9 Plaintiff notified Defendants Weis and Allstate that the Notice of Intent did not waive additional causes of action for insurance bad faith, breach of contract, negligence, or violations of the Washington State Consumer Protection Act.

2.10 Defendants Weis and Allstate conducted the claim handling process in a manner that resulted in the delay and denial of payment to Plaintiff and failure to pay the full value of Plaintiff's claim. Due to Defendants Weis and Allstate's failure to pay the UIM policy coverage in a timely fashion, Matthew Aspin's recovery was denied and delayed.

2.11 Defendants Weis and Allstate wrongly denied Plaintiff's claim and placed its financial interest above its insured by failing to pay the full value of the claim and delaying payment of the claim.

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 4

**BRIAN P. RUSSELL**
Attorney at Law
17820 1ST AVE SO. STE. 102
NORMANDY PARK, WA 98148
PHONE (206) 244-3200

## III. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

Plaintiff, Matthew Aspin, re-adopts and re-alleges all the foregoing and, in addition, alleges the following:

3.1 Defendant Allstate contracted to provide automobile policy benefits to Plaintiff, Matthew Aspin, and received full consideration for promising to pay these benefits in the event of a loss.

3.2 Defendant Allstate has breached the contract by failing to abide by the terms of its underinsured policy.

3.3 Defendant Allstate's breach of contract has caused the Plaintiff to sustain damages.

## IV. SECOND CAUSE OF ACTION—VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

Plaintiff re-adopts and re-alleges all the foregoing and, in addition, alleges the following:

4.1 The business of insurance, as well as the practice of insurer, agents, and adjusters is subject to the Consumer Protection Act, RCW 19.86, *et. seq.*

4.2 Defendants Weis and Allstate has violated the Washington Administrative Code, specifically and without limitation, §§ 284-30-330 (2)(3)(4)(5)(6)(7)(8)(13)(15), WAC 284-30-360; 370; 380.

4.3 Defendant Allstate, by and through Defendant Weis and its agents and employees, has violated the Consumer Protection Act, RCW 19.86, *et. seq.,* thereby

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 5

BRIAN P. RUSSELL
Attorney at Law
17820 1ST AVE SO. STE. 102
NORMANDY PARK, WA 98148
PHONE (206) 244-3200

damaging the Plaintiff Matthew Aspin, and entitling him to the additional recoveries allowed thereunder.

## V. THIRD CAUSE OF ACTION---BAD FAITH

5.1   Defendants Weis and Allstate have a duty to Matthew Aspin to conduct themselves in good faith respecting these insurance obligations.

5.2   Defendants Weis and Allstate's arbitrary and wrongful denial and delay of Plaintiff Matthew Aspin's claim for UIM benefits under Defendant Allstate's insurance policy is a breach of its duty to deal in good faith with its insured.

5.3   Defendants Weis and Allstate's breach of their duty to deal in good faith with the insured has damaged Plaintiff.

## VI. FOURTH CAUSE OF ACTION—NEGLIGENCE

Plaintiff re-adopts and re-alleges all the foregoing and, in addition, alleges the following:

6.1   Defendants Weis and Allstate owed statutory, contractual and common law duties to Plaintiff which were breached by the conduct of Defendants Weis and Allstate herein.

6.2   Said duties were breached by the negligent conduct of Defendants Weis and Allstate in the discharge of their duties.

6.3   Defendants' breach of duties owed to Plaintiff proximately caused damage to the Plaintiff.

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 6

BRIAN P. RUSSELL
Attorney at Law
17820 1ST AVE SO. STE. 102
NORMANDY PARK, WA 98148
PHONE (206) 244-3200

## VII. FIFTH CAUSE OF ACTION—VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)

Plaintiff re-adopts and re-alleges all the foregoing and, in addition, allege the following:

7.1 Pursuant to RCW 48.30, *et seq.,* Defendants Weis and Allstate's delay and denial of Plaintiff's claim for damages after the effect date of said act, constitutes unreasonable conduct entitling Plaintiff to all statutory relief so provided including the trebling of damages and attorneys' fees and litigation costs.

7.2 Defendants Weis and Allstate have committed certain acts and omissions as described above which constitute violations of the Washington Unfair Claims Practice Act, specifically, WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, WAC 284-30-380 as well as unreasonably denying payment of coverage and benefits to plaintiff in violation of RCW 48.30.010 and RCW 48.30.015. Defendants Weis and Allstate's acts/omissions and violations of these WACs in failing to properly adjust and pay Plaintiff's UIM claim constitute a violation of the Insurance Fair Conduct Act, RCW 48.30.10 and RCW 48.30.015. Defendants Weis and Allstate have a statutory duty to not unreasonably delay or deny claims and benefits pursuant to RCW 48.30.010(7). Defendants Weis and Allstate have breached their statutory duties do plaintiff and, consequently, plaintiff is entitled to all the relief available pursuant to RCW 48.30.015.

7.3 Plaintiff Aspin should be awarded reasonable attorney fees and costs incurred in the prosecution of this action and for treble and other exemplary damages authorized by the Washington Insurance Fair Conduct Act, codified as RCW

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 7

BRIAN P. RUSSELL
Attorney at Law
17820 1st Ave So. Ste. 102
Normandy Park, WA 98148
PHONE (206) 244-3200

48.30.015 and reasonable attorney fees and costs incurred in the prosecution of this action and for treble damages authorized by RCW 19.86.090 of the Consumer Protection Act with respect to each such violation committed by Defendant Allstate and pursuant to *Olympic Steamship* Co. *v. Centennial Inc.* Co., 117 Wn.2d 37, 811 P.2d 673 (1991).

7.4 Plaintiff is entitled to relief pursuant to the Insurance Fair Conduct Act in addition to the other causes of action pleaded herein, as such is specifically provided by statute.

## VIII. ESTOPPEL

8.1 Defendant Allstate is estopped from denying or limiting coverage as a result of this action or conduct described herein.

## IX. DECLARATORY JUDGMENT/INJUNCTIVE RELIEF

9.1 Plaintiff is entitled to declaratory judgment determining that Defendant Allstate is not entitled, under statutes, public policy or in equity, to attempt to offset UIM coverage with PIP payments.

9.2 Plaintiff is entitled to declaratory judgment determining that the underlying liability limits did not fully compensate him for his injuries and damages and, therefore, there is no subrogation-reimbursement to be owed, then that amount is to be reduced by a pro-rata share of attorney's fees and costs incurred by the plaintiff in litigation of the resolution of his claim.

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 8

**BRIAN P. RUSSELL**
Attorney at Law
17820 1ST AVE SO. STE. 102
NORMANDY PARK, WA 98148
PHONE (206) 244-3200

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants Weis and Allstate in an amount that compensates Plaintiff for damages sustained, as follows, to the extent that they are not duplicative:

(a) All damages shown at trial which proximately flow from the Defendants Weis and Allstate's breach of contract, as set forth above;

(b) All damages shown at trial which proximately flow from the Defendants Weis and Allstate's violation of the Consumer Protection Act including, but not limited to, treble damages for each violation up to $10,000 per violation, and reasonable attorney's fees for bringing this cause of action;

(c) All damages including emotional distress and consequential economic damages shown at trial for Defendants Weis and Allstate's bad faith dealings with its insureds;

(d) All damages to be shown, flowing from the Defendants Weis and Allstate's negligence;

(e) All damages shown at trial which proximately flow from the Defendants Weis and Allstate's violation of RCW 48.30 *et seq*. including, but not limited to, treble damages and reasonable attorney's fees and costs;

(f) All damages shown at trial which proximately flow from the Defendants Weis and Allstate for Plaintiff's UIM damages, and

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 9

**BRIAN P. RUSSELL**
Attorney at Law
17820 1st Ave So. Ste. 102
Normandy Park, WA 98148
PHONE (206) 244-3200

(g) For Plaintiff's costs and disbursements incurred by bringing these causes of action, along with pre-judgment interest and any other relief permitted by law, which the Court deems just and equitable.

DATED August 27, 2019.

BRIAN P. RUSSELL, WSBA #10715
Attorney for Plaintiff

**AMENDED** COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE; AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT (RCW 48.30)- Page 10

**BRIAN P. RUSSELL**
**Attorney at Law**
**17820 1ST AVE SO. STE. 102**
**NORMANDY PARK, WA 98148**
**PHONE (206) 244-3200**