UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW ASPIN,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

NO. C19-1604RSL

ORDER COMPELLING A RULE 35 EXAMINATION

This matter comes before the Court on "Defendant's Motion to Compel Fed. R. Civ. P. 35 Examination and for Sanctions." Dkt. # 19. Having reviewed the submissions of the parties, the Court finds as follows:

Plaintiff's current medical condition is clearly in controversy and, in the absence of a chance to examine plaintiff prior to trial, defendant would be at a significant disadvantage in rebutting plaintiff's experts and his claims of ongoing, persistent, and severe pain/injury. Good cause therefore exists for the examination.

The parties had a good faith dispute regarding whether one or two doctors should conduct the examination. While the Court agrees with defendant that two examining physicians is appropriate give the nature of plaintiff's claimed injuries, the Court declines to award fees and costs.

ORDER COMPELLING A
RULE 35 EXAMINATION - 1

Plaintiff shall attend a Rule 35 examination before both Dr. Battaglia, an orthopedist, and Dr. Sutton, a chiropractor, at a mutually-agreed upon time and place within fourteen days of the Governor lifting the "stay-at-home" order related to the corona virus outbreak. The examination shall last no more than two hours.

Within fourteen days of the date of this Order, defendant shall provide Dr. Battaglia's and Dr. Sutton's Curriculum Vitae and any intake or other forms required to be completed before the examination to plaintiff's counsel. The forms shall be returned to defendant at least three days before the examination.

Within twenty-one days of the date of this Order, defendant shall provide the Examiners all pertinent medical records related to plaintiff's injuries.

The Examiners shall confine their testing, assessment, and questions to the purposes of the examination, namely to ascertain the existence and scope of any injuries, conditions, or other damages arising from the subject motor vehicle accident. No blood or tissue testing may be done.

One person may accompany plaintiff to the examination. He or she shall not interfere or interrupt the examination in any way, but is permitted to make a video and/or audio recording of the examination in an unobtrusive manner. The cost of recording shall be borne by plaintiff. Any costs charged by the Examiners related to the examination and/or recording shall be borne by defendant. Plaintiff shall provided defendant a copy of any recording made during the examination.

The Examiners shall produce one or more written reports, including information regarding the nature of their examination, any tests performed, their findings and conclusions,

etc. The report(s) shall be provided to plaintiff's counsel within twenty-eight days of the examination.

Defendant shall make the Examiners available for deposition upon two weeks' notice at any point prior to the discovery cutoff date.

Dated this 24th day of March, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER COMPELLING A
RULE 35 EXAMINATION - 3