UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW ASPIN,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

NO. C19-1604RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on "Defendant's Motion to Compel." Dkt. # 9. Plaintiff sued his insurer seeking underinsured motorist benefits and alleging bad faith after Allstate determined that plaintiff had been largely compensated for his injuries by the at-fault driver and offered a payment of $24,722 rather than the policy limits of $250,000. Allstate's motion to compel seeks responses to twenty-seven discrete Requests for Production and eight Interrogatories. In response, plaintiff argues that Allstate has ignored its own discovery obligations and identifies certain overarching issues raised by the motion to compel. Dkt. # 12 at 3-5. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 1

**(1) Emails, Texts, Social Media Posts, Photos, and Videos**

Plaintiff does not dispute that informal communications, social media posts, and photos/videos may be relevant to proving or disproving his claims of debilitating physical injuries, loss of enjoyment of life, and emotional/mental damages. Rather, he argues that the parties were still discussing how plaintiff could make the required production given his lack of technical expertise when defendant precipitously filed this motion. As recounted by plaintiff's counsel, "[t]he last conference and discussion between counsel was that [Allstate's counsel] would check with his Technology Department and respond with what they would need to be able to access Mr. Aspin's devices." Dkt. # 13 at ¶ 8. Allstate's counsel generally agrees with this assertion, but points out that (a) plaintiff did not affirmatively agree to make the production even if technical assistance were provided and (b) Allstate did not waive its right to pursue discovery through a motion to compel.

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. Although counsel met to discuss their respective discovery concerns – and apparently resolved a number of disputes – the conversation regarding access to plaintiff's electronic devices and records was cut short by the filing of this motion. A good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible. This did not happen. Plaintiff asserts, and defendant does not dispute, that the parties were discussing steps plaintiff and/or defendant could take to search for and produce relevant data from plaintiff's phone, laptop, and other devices, particularly ways in

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 2

which defendant could help plaintiff with technological difficulties he was encountering. Plaintiff had not refused to produce the requested documents, and the final positions of the parties were unknown at the time defendant filed this motion. Further negotiation was possible, but the precipitous filing ended any chance that the parties could resolve this dispute without Court intervention. At the time this motion was filed, Allstate's "right" to seek discovery through the filing of a motion to compel had not yet ripened.

As is clear from the memoranda submitted, plaintiff is, in fact, willing to provide access to his accounts or to otherwise produce the devices on or through which the requested information can be found. If plaintiff cannot download and produce the requested emails, text messages, social media posts, photos, and/or videos within the time allowed, he shall provide whatever access is necessary so that defendant can locate and copy the relevant information.

**(2) Settlement Materials**

Allstate seeks copies of documents and communications related to plaintiff's settlement with the at-fault driver, including a copy of the settlement agreement. The fact that plaintiff provided information as requested at the time the settlement was negotiated (Dkt. # 12 at 9) is not a limitation on what Allstate can request now that it has been sued for coverage and bad faith. While plaintiff has not waived the attorney/client privilege as to communications between him and his counsel, communications with the at-fault driver, her attorney, or her insurer do not fall within the privilege and must be produced. Plaintiff cannot simply declare that "you have what you need" and refuse to answer relevant, targeted discovery requests. Further production is necessary.

**(3) Employment, Church,[1] and Credit Records**

Plaintiff objects to signing releases that would allow Allstate to request his employment, church, and credit records directly from the third-parties who hold them because Allstate has not agreed to protect the information from further dissemination. Dkt. # 12 at 4. The Protective Order entered in this matter (Dkt. # 8 at ¶ 2) is hereby amended so that it covers the employment, church, and credit records sought by Allstate. With this protection in place, plaintiff is directed to immediately sign the releases prepared by Allstate. To the extent plaintiff objects to the relevance of the requested discovery, the objection is overruled.

**(4) Interrogatories 2, 8-10, 16, and 19-21[2]**

Interrogatory No. 8 seeks information regarding plaintiff's alleged damages and the factual support for those damages. Plaintiff asserts that, in response to another interrogatory, he referred Allstate to a March 4, 2019, demand letter which detailed the facts related to the motor vehicle collision, his injuries, and his wage loss claim. Dkt. # 12 at 9. The demand letter was not provided. Plaintiff is obligated, under Fed. R. Civ. P. 26(a)(1)(A)(iii) and in response to defendant's discovery request, to do more than identify various categories of damage. He must provide "a computation of each category of damages claimed" and to make available "the documents or other evidentiary material, unless privileged or protected from disclosure, on

---

[1] According to Allstate, "[p]laintiff is a seminary graduate and an active member and minister at various churches throughout the Puget Sound, working for and without compensation. Plaintiff has intimated that he will be transitioning from working in human resources to working full time for the church." Dkt. # 9 at 3.

[2] In reply, Allstate abandoned its request for additional information regarding plaintiff's medical providers in response to Interrogatory No. 2, apparently agreeing with his contention that he has already provided a satisfactory answer. *See* Dkt. # 14 at 7.

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 4

which each computation is based . . . ." Plaintiff's response to Interrogatory No. 8, Dkt. # 10-1 at 16, is plainly insufficient and must be supplemented.

Interrogatory No. 9 seeks information regarding plaintiff's Insurance Fair Conduct Act ("IFCA") claim, including the denial of coverage/benefits on which it is based and the facts supporting plaintiff's conclusion that the denial was unreasonable. Plaintiff refers Allstate to its claim file and otherwise objects on the ground that the interrogatory calls for a legal conclusion. Allstate is entitled to know what acts plaintiff contends violated IFCA and why he thinks Allstate acted unreasonably. Plaintiff must supplement his response to Interrogatory No. 9.

Interrogatory No. 10 is another contention interrogatory that seeks information regarding the basis for plaintiff's bad faith claim. Allstate is entitled to this information.

Interrogatory No. 16 seeks information regarding plaintiff's medical bills arising out of the motor vehicle accident, including whether and how they were paid. Plaintiff asserts that he provided supplemental responses which identified both his medical expenses and which ones remained unpaid. Allstate does not refute this assertion or provide additional argument regarding Interrogatory No. 16 in reply. No further production will be compelled.

Interrogatories No. 19-21 seek information regarding other insurance policies plaintiff has and any claims made, plaintiff's loan, credit, debt, and payment history, and all factors showing how or why his credit rating dropped. Plaintiff objected to the insurance policy inquiry on collateral source grounds[3] and provided his credit report and an explanation of what his unpaid

---

[3] Allstate's collateral source argument - that the objection is improper - is too vague to be persuasive. "The very essence of the collateral source rule requires exclusion of evidence of other money received by the claimant so the fact finder will not infer the claimant is receiving a windfall and nullify the defendant's responsibility. If evidence of collateral benefits is admitted, the message received by the factfinder is that the claimant already has enough money" and, therefore, that Allstate need not be

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 5

medical bills did to his credit rating. Allstate does not address these interrogatories in reply. No further production will be compelled.

**(5) Allstate's Discovery Responses**

Plaintiff argues that Allstate has ignored its own discovery obligations and should therefore be precluded from seeking to compel discovery responses. Plaintiff cites no rule or case law that would justify a refusal to participate in discovery until the opposing party has responded in full. The remedy for insufficient production is to file a motion to compel: plaintiff has not done so.[4]

For all of the foregoing reasons, Allstate's motion to compel is GRANTED in part and DENIED in part. Plaintiff shall, within twenty-one days of the date of this Order, supplement its responses as specified in this Order. The Court declines to award fees to either party.

Dated this 30th day of March, 2020.

Robert S. Lasnik
United States District Judge

---

held to its insuring agreement. *Johnson v. Weyerhaeuser Co.*, 134 Wn.2d 795, 803 (1998). Evidence regarding payments plaintiff received from the allegedly under-insured motorist is undoubtedly relevant, but Allstate has not shown that other sources of funds should relieve it of its obligations under the contract.

[4] To the extent plaintiff seeks an order compelling Allstate to supplement its discovery responses, the request is DENIED as procedurally improper and largely unsupported.

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 6