UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW ASPIN,

          Plaintiff,

    v.

ALLSTATE PROPERTY AND CASUALTY COMPANY,

          Defendant.

No. C19-1604RSL

ORDER GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT REGARDING IFCA CLAIM

    This matter comes before the Court on "Allstate's Motion for Partial Summary Judgment." Dkt. # 16. Plaintiff has asserted claims of breach of contract, bad faith, negligence, and violations of the Washington Consumer Protection Act ("CPA") and the Washington Insurance Fair Conduct Act ("IFCA") against his insurer. Both parties request entry of judgment in their favor on the IFCA claim.[1]

    Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

---

[1] To the extent plaintiff seeks summary judgment on the breach of contract, bad faith, and CPA claims (Dkt. # 28 at 1-2), the request is procedurally improper. Those claims were not at issue in defendant's motion and therefore not properly the subject of a cross-motion. In order to seek dispositive relief regarding a separate and distinct cause of action, plaintiff would have to note the motion on the Court's calendar for the fourth Friday after filing to give Allstate an opportunity to marshal a substantive response.

ORDER GRANTING ALLSTATE'S MOTION FOR
SUMMARY JUDGMENT REGARDING IFCA CLAIM

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

      Plaintiff was involved in an automobile accident in October 2017. Allstate, his insurer, paid plaintiff $10,000 under his personal injury protection ("PIP") coverage, and the motorist who struck plaintiff's vehicle paid her insurance policy limits of $100,000. Plaintiff then sought to recover the maximum benefits provided under his underinsured motorist ("UIM") coverage, which was $250,000. Plaintiff asserted that he had incurred medical expenses of $45,852.16 and provided a medical release authorization so that Allstate could confirm the claimed medical

expenses. Dkt. # 18-2 at 3-4; Dkt. # 29 at 14. Plaintiff claimed lost wages of $9,212.28 for full and half-day absences related to the accident and a subsequent knee surgery. Dkt. # 18-2 at 5. Plaintiff did not provide or authorize the release of his employment records until ordered to do so by the Court in March 2020. Dkt. # 35 at 4. In addition to the medical expenses and lost wages, plaintiff asserted that he had suffered injuries to his head, neck, back, left hand, left hip, left thigh, and left knee as a result of the collision. Dkt. # 18-2 at 3. Other than a subsequent statement that plaintiff has "continuing knee problems," he provided no other information about the nature or extent of his injuries to substantiate his general damages claim of almost $300,000. Dkt. # 29 at 19.

Allstate acknowledged that UIM coverage was proper, but valued plaintiff's insurable losses at $115,000, with $110,000 having already been paid under other coverages. The adjuster credited plaintiff's claimed medical expenses, agreed to cover lost wages associated with the eight full days of work plaintiff missed, and valued his general damages at approximately $66,500. Dkt. # 18 at ¶¶ 11-12. Plaintiff rejected the offer and made a counteroffer. Negotiations stalled with plaintiff demanding $200,000 under his UIM policy and Allstate offering $24,722.60. Plaintiff filed this lawsuit in August 2019.

IFCA authorizes a private suit whenever an insured is "unreasonably denied a claim for coverage or payment of benefits by an insurer . . . ." RCW 48.30.015(1). Allstate argues that plaintiff's IFCA claim fails as a matter of law because Allstate did not deny the payment of benefits due under the contract, instead making a series of offers of payment. Allstate relies heavily on *Perez–Crisantos v. State Farm Fire and Casualty Co.*, 187 Wn.2d 669 (2017), for the proposition that only an outright refusal to pay anything under the contract can give rise to an IFCA violation. Dkt. # 16 at 8-9. In *Perez-Crisantos*, the Washington Supreme Court considered whether an insured can sue his insurance company under IFCA for Washington regulatory violations. The court held that a violation of the Washington Administrative Code ("WAC")

ORDER GRANTING ALLSTATE'S MOTION FOR
SUMMARY JUDGMENT REGARDING IFCA CLAIM -3-

does not give rise to a private cause of action under IFCA against the insurer,[2] reiterating the language of RCW 48.30.015(1) which requires evidence of an unreasonable denial of coverage or an unreasonable denial of payment of benefits, rather than a violation of the WAC. *Id.* at 680-83. The court did not delve into whether an offer to make a paltry payment of benefits, unsupported by a reasonable investigation or otherwise unjustified by the evidence, shields an insurer from IFCA liability.[3]

Plaintiff argues that Allstate's offers of payment under the UIM policy were "meager" and that the calculations were unreasonable in light of the evidence submitted by the insured. Dkt. # 28 at 4. There is significant case law supporting such a claim under IFCA. *See Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1107 (W.D. Wash. 2017) ("Decisions in this district . . . have concluded that the 'payment of benefits' prong of IFCA covers scenarios where an insurer makes an unreasonably low offer."); *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-927RAJ, 2016 WL 2739452, at *4 (W.D. Wash. May 11, 2016) ("However, an unreasonably low settlement offer may serve as a denial of benefits, though a good faith effort to appropriately value a loss will not."), *aff'd*, 739 Fed. App'x 381 (9th Cir. 2018); *Langley v. GEICO Gen. Ins. Co.*, 89 F. Supp.3d 1083, 1092 (E.D. Wash. 2015) (quoting *Morella v. Safeco Ins. Co. of Illinois*, No. C12–0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013)). The problem is not with plaintiff's legal theory, but that he has offered no evidence in support of his assertion that Allstate's investigation was unreasonable or that it

---

[2] Plaintiff's IFCA claim fails as a matter of law to the extent it is based on an alleged violation of the WAC.

[3] As noted in the *Perez-Crisantos* concurrence by Justice Stephens, the IFCA discussion was not necessary to the court's affirmance of the superior court's summary judgment dismissal of the case on the ground that the plaintiff could not establish a violation of WAC 284–30–330(7). 187 Wn.2d at 687. It was in the context of discussing the regulatory claim that the Supreme Court noted that "[d]isparity between an offer and an arbitration award alone does not establish a violation of WAC 284–30–330(7). . . . There has to be something more." 187 Wn.2d at 684.

ORDER GRANTING ALLSTATE'S MOTION FOR
SUMMARY JUDGMENT REGARDING IFCA CLAIM -4-

ignored evidence the insured provided when valuing the claimed losses.

Plaintiff asserted that his losses resulting from the 2017 accident exceeded $360,000, but he substantiated only $52,634.58 in medical expenses prior to filing this lawsuit. Allstate requested his employment records and pointed out the lack of evidence establishing the general damage claim, but to no avail. Dkt. # 18 at ¶ 8; Dkt. # 29 at 19, 29, and 31; Dkt. # 33 at ¶ 6. In the circumstances presented here, neither the fact that the parties disagreed in their valuation of plaintiff's claims nor the fact that Allstate increased its offer in an effort to avoid litigation raises an inference that Allstate's investigation was unreasonable or that it ignored evidence provided by the insured when adjusting the claim. As was the case in *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, 739 F. App'x 381, 383 (9th Cir. 2018), Allstate "granted coverage for all documented economic damages, and estimated non-economic damages based on the records [p]laintiff provided." In fact, Allstate granted coverage for economic damages related to lost wages that it deemed likely and reasonable even in the absence of documentation. A mere "disagreement about the amount of damages based on available evidence cannot ground a claim for failure to investigate." *Id.* at 384 (citing *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 334 (2000)).

For all of the foregoing reasons, the Court finds that there is no genuine issue of fact regarding plaintiff's claim that Allstate denied payment of benefits for purposes of IFCA. Allstate's motion for judgment on the IFCA claim is, therefore, GRANTED.

Dated this 4th day of June, 2020.

*MWt S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING ALLSTATE'S MOTION FOR
SUMMARY JUDGMENT REGARDING IFCA CLAIM -5-